592 So.2d 504 (1991)
Earl NASH
v.
Patricia DURAPAU, Scott Durapau, Individually and as Administrator of the Estate of Their Minor Son, Blaine Durapau.
No. 91-CA-570.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
Writ Denied March 20, 1992.
Sheldon G. Fernandez, Harvey, for plaintiff-appellee.
Lenon J. Parent, Jr., Gretna, for defendants-appellants.
Delores Rome Waldrup, in pro. per.
John D. Sileo, Steven B. Witman, Joseph B. Morton, III, Christopher E. Lawler, Joseph F. d'Aquin, Metairie, Robert L. Marrero, Gretna, for defendant-appellee.
Bernard J. Rice, III, Gretna, for intervenor-appellant.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
This litigation arises out of an alleged incident occurring January 3, 1989, when the defendant, Blaine Durapau, a minor, unlawfully entered the home of the plaintiff, Earl Nash, and wrongfully and willfully converted plaintiff's personal property to his own use. Named as original defendants were Blaine Durapau's parents, Patricia and Scott Durapau, sued under the theory of vicarious liability.
The Durapaus answered and filed a third-party demand against Allstate Insurance Company alleging coverage for the acts alleged by Mr. Nash pursuant to a homeowner's policy issued to them. Allstate denied all allegations of coverage and affirmatively pled that Blaine Durapau's *505 intentional conduct excluded coverage under the policy.
On March 25, 1991, Allstate filed a Motion for Summary Judgment asserting there was no genuine issue of material fact and it was entitled to summary judgment as a matter of law.
The basis for this assertion was that the policy of insurance issued by Allstate to Patricia and Scott Durapau excluded coverage for any act or omission intended or expected to cause bodily injury or property damage or for any criminal act or omission.
The trial court granted Allstate's motion for summary judgment and all claims against Allstate as the homeowner insurer of Patricia and Scott Durapau were dismissed.
From this decision the Durapaus have appealed. They are joined in this appeal by the plaintiff, Earl Nash, the Intervenor, Aetna Casualty and Surety Company, the insurer of plaintiff, Earl Nash, and by Steven Hartley, a third-party defendant and alleged joint tortfeasor.
Although there are several appellants we are called to resolve a single issue, that is, whether Allstate Insurance Company, as a homeowner insurer, can be found to provide coverage for the vicarious liability of its insureds, Patricia and Scott Durapau, which derives their accountability from the intentional and/or criminal acts of their minor son, Blaine Durapau?
Allstate denies any insurance coverage under the facts of this case. Allstate cites its policy of insurance as evidence, to wit:
"Losses We Do Not Cover
1. We do not cover bodily injury or property damage resulting from:
a) An act or omission intended or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected; or
b) An act or omission committed by an insured person while insane or while lacking the mental capacity to control his or her conduct or while unable to form any intent to cause bodily injury or property damage. This exclusion applies only if a reasonable person would expect some bodily injury or property damage to result from the act or omission.
2. We do not cover bodily injury or property damage resulting from:
a) A criminal act or omission; or
b) An act or omission which is criminal in nature and committed by an insured person who lacked the mental capacity to appreciate the criminal nature of wrongfulness of the act or omission or to conform his or her conduct to the requirements of the law or to form the necessary intent under the law. This exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime."
At the time of the alleged conversion of plaintiff's property Blaine Durapau was a minor, residing with his parents in Harvey, Louisiana. Furthermore, in Blaine Durapau's sworn statement, there is no doubt that he intentionally and illegally gained entry into the home of Earl Nash for the purpose to convert Nash's property to his own use.
As a result of Blaine Durapau's conduct he was convicted of simple burglary and was sentenced.
There is no dispute that Blaine Durapau was residing with his parents and was an insured under the policy when he committed the intentional and criminal act of burglary. The Allstate policy in question unambiguously excludes damages for loss of personal property caused by an act intended to cause property damage and from a criminal act which results in property damage, as well as any other related damages resulting therefrom.
We are bound to give legal effect to the terms of an insurance policy according to the intent of the parties LSA-C.C. art. 2045. That intent is to be determined from the words of the contract when they are clear and explicit and lead to no absurd *506 consequences. LSA-C.C. art. 2046. Thus, a valid insurance policy is the contract between the insured and insurer and it is the law between them. Allstate has the right to limit its liability and impose conditions of coverage under the policy provided there is no conflict with public policy or the laws of the State.
We hold that insurance coverage under this case is excluded and the decision of the trial court is void of error. Travelers v. Blanchard, 431 So.2d 913 (La.App. 2d Cir. 1983).
Accordingly, the trial court's decision is affirmed.
AFFIRMED.