FEDERAL DEPOSIT INSURANCE COR-
PORATION, as receiver for Buena Vis-
ta Bank & Trust Company, Plaintiff
and Judgment Creditor–Appellee,

v.

Roy L. BOWEN, Philip L. Smith, and
Glenn R. McGowan, Defendants and
Judgment Debtors–Appellees,

American Casualty Company of Read-
ing, Pennsylvania, Garnishee De-
fendant–Appellant.

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA,
Plaintiff–Appellant,

v.

Roy L. BOWEN, Philip L. Smith, Glenn
R. McGowan, and Federal Deposit In-
surance Corporation, as receiver for
Buena Vista Bank & Trust Company,
Defendants–Appellees.

Nos. 89CA2168, 90CA0264.

Colorado Court of Appeals,
Div. II.

July 18, 1991.

Rehearing Denied Sept. 5, 1991.

Certiorari Granted Jan. 27, 1992.

Popham, Haik, Schnobrich & Kaufman,
Ltd., Wiley Y. Daniel, Richard G. Sander,
Denver, Tuttle & Taylor, Eugene J. Comey,
Robert F. Schiff, Washington, D.C. (Kirk-
land & Ellis, Todd L. Vriesman, Kenneth
W. Brothers, Denver, Andrè M. Douek,
Washington, D.C., on brief), for Federal
Deposit Ins. Corp.

No appearance for Bowen.

No appearance for Smith.

Rothgerber, Appel, Powers & Johnson,
James R. Everson, Samuel M. Ventola,
Denver, for McGowan.

Berryhill, Benjamin, Cage & North, Jack
W. Berryhill, Denver, Meagher & Geer,
Steven C. Eggimann, Robert E. Salmon,
Thomas M. Stieber, Minneapolis, Minn., for
American Cas. Co.

Opinion by Judge RULAND.

American Casualty Company (ACC) appeals from an order of the district court upholding the Federal Deposit Insurance Corporation's writ of garnishment against the proceeds of a director's and officer's liability insurance policy issued by ACC. ACC also appeals from the trial court's dismissal of its declaratory judgment action commenced to determine the rights and responsibilities of the parties under the policy. We reverse the order authorizing garnishment of the insurance proceeds and remand for modification of the judgment dismissing the action for declaratory judgment.

ACC issued a director's and officer's liability policy to Buena Vista Bank & Trust Company in 1985. That policy provided one million dollars in coverage for losses arising out of the "wrongful acts" of the directors and officers of the Bank.

The Bank was declared insolvent, and it was closed by the Colorado Banking Commission. FDIC was appointed as receiver for the Bank.

FDIC notified Ray Bowen, Glenn McGowan, and Philip Smith, that it intended to hold them responsible, as directors and officers of the Bank, for negligence and for breach of their fiduciary duties in causing the Bank to suffer substantial financial losses. A complaint was ultimately filed by FDIC against these individuals. Thereafter, a default judgment entered against Bowen and Smith in the approximate amount of 3.2 million dollars following their failure to file responsive pleadings.

A writ of garnishment was then served upon ACC by FDIC. ACC responded to the writ contending that the policy afforded no coverage for the loss.

While that proceeding was pending, ACC also filed a separate declaratory judgment action and several motions seeking consolidation of the two cases and a stay or continuance of the garnishment proceeding.

The trial court denied the motion for stay or continuance. After ruling in favor of FDIC on the garnishment issue, the trial court granted FDIC's motion to dismiss the declaratory judgment action. ACC appealed both rulings, and the appeals were consolidated in this court.

During the pendency of the appeals, Bowen moved to vacate the default judgment. The trial court denied Bowen's motion and that order was appealed. This court reversed and remanded the case for further proceedings. *Federal Deposit Insurance Corp. v. Bowen,* (Colo.App. No. 89CA1583, August 23, 1990) (not selected for official publication). The parties agree that FDIC's writ of garnishment must be set aside to the extent that it is predicated upon the former judgment against Bowen.

ACC argues that the garnishment order as to Smith must also be set aside on various grounds. We need address only two of those contentions.

I

An endorsement to ACC's policy provides that:

[T]he Insurer shall not be liable to make any payment for Loss in connection with any claim made against the Directors of (sic) Officers based upon or attributable to

any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation ... or any other national or state regulatory agency ... including any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator or otherwise....

FDIC contends that this exclusion is void as against public policy. ACC, of course, asserts a contrary view. We agree with ACC.

Courts in a number of jurisdictions have addressed the validity of this coverage exclusion, and based upon cases such as *Federal Savings & Loan Insurance Corp. v. Oldenbury,* 671 F.Supp. 720 (D.Utah 1987) and *Finci v. American Casualty Co.,* 82

Md.App. 471, 572 A.2d 1092, *cert. granted,* 320 Md. 636, 579 A.2d 281 (1990), the trial court concluded that the exclusion was void. However, we reach the opposite conclusion based upon the decisions in *Federal Deposit Insurance Corp. v. Aetna Casualty & Surety Co.,* 903 F.2d 1073 (6th Cir. 1990) and *St. Paul Fire & Marine Insurance Co. v. Federal Deposit Insurance Co.,* 765 F.Supp. 538 (D.C.Minn.1991). Both of these opinions were announced after the trial court addressed this issue.

The focus of FDIC's public policy argument is the federal and state statutory authority granted to it to assert the rights and claims of the Bank in order to recover and distribute its assets. *See* 12 U.S.C. § 1821 (1988); § 11–5–101, et seq., C.R.S. (1987 Repl.Vol. 4B). Adherence to the exclusion, FDIC argues, frustrates this legislative mandate and eliminates a valid claim solely because the receiver is the FDIC. However, we are not persuaded that there is any public policy which precludes this contractual limitation on ACC's liability under the policy.

As noted by the court in *Federal Deposit Insurance Co. v. Aetna Casualty and Surety Co., supra,* public policy is derived from legislation or legal precedent. *See Schlessinger v. Schlessinger,* 796 P.2d 1385 (Colo.1990); *Nationwide Mutual Insurance Co. v. Hillyer,* 32 Colo.App. 163, 509 P.2d 810 (1973). One of the longstanding public policies is that of freedom of contract. *See Muschany v. United States,* 324 U.S. 49, 65 S.Ct. 442, 89 L.Ed. 744 (1945); *Public Service Co. v. United Cable Television of Jeffco, Inc.,* 816 P.2d 289 (Colo. App.1991).

Conversely, there is no statute which proscribes the exclusion at issue in a director's and officer's liability policy or that mandates any particular form of coverage for that insurance. *See* 12 U.S.C. § 1821(e)(12)(A) (Supp. I 1989) (provides that FDIC may enforce any contract, other than a director's or officer's liability insurance contract, notwithstanding any provision providing for termination based upon the appointment of FDIC as receiver); § 11–5–107, C.R.S. (1987 Repl.Vol. 4B) (authorizes proceedings by FDIC against directors but does not require the bank to acquire insurance for those claims); § 7–3–101.5(9), C.R.S. (1990 Cum.Supp.) (a corporation may purchase and maintain insurance for directors and officers).

Finally, the general statutory mandate to collect and distribute assets of a failed bank is insufficient, in our view, to establish a public policy regulating the nature and extent of insurance coverage on claims of the Bank. Under these circumstances, we are unable to conclude that public policy forecloses application of the exclusion.

## II

As an alternative basis for its ruling, the trial court concluded that the exclusion did not apply in this case. The court reasoned, and the FDIC contends, that the default judgment represents a statutorily assigned common law claim asserted on behalf of the Bank and its creditors, depositors, and stockholders as distinguished from a claim which the FDIC might bring in its administrative capacity as a bank regulator. However, we conclude that the plain meaning of the language in the exclusion requires us to reject this contention. *See Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990).

The exclusion specifically addresses any action brought by FDIC which it has the right to bring as a receiver. It is precisely in that capacity that FDIC appears. Hence, we conclude that the exclusion does apply.

The order sustaining FDIC's writ of garnishment is reversed and the cause is remanded with directions to dismiss the writ. The trial court is directed to modify the judgment dismissing ACC's declaratory judgment action to reflect that the dismissal is without prejudice.

JONES, J., and HODGES,* Justice, concur.