[No. 11228-4-III.    Division Three.    April 21, 1992.]

PODIATRY INSURANCE COMPANY OF AMERICA, *Respondent*,
v. STEPHEN A. ISHAM, ET AL, *Defendants*, STACY
MATTSON, ET AL, *Appellants*.

*Robert P. Hailey* and *Randall & Danskin, P.S.,* for appellants.

*Donald C. Harrison, William R. Hickman,* and *Reed McClure,* for respondent.

SHIELDS, C.J. — Podiatry Insurance Company of America (PICA) brought an action for declaratory relief against its insureds, Dr. Stephen Isham and his professional corporation, and one of his patients, Arlene Mattson, and her husband. The trial court granted summary judgment in favor of PICA, ruling it is not obligated under its malpractice policy to defend or pay any claim for violation of the Consumer Protection Act (CPA). The Mattsons appeal;[1] we affirm.

Dr. Isham performed surgery on Ms. Mattson's feet. On June 11, 1985, the Mattsons sued Dr. Isham for malpractice.[2] The complaint alleged two causes of action: negligence and failure to inform Ms. Mattson of alternative forms of treatment and the risks associated with surgery. Ms. Mattson amended the complaint after *Quimby v. Fine,* 45 Wn. App. 175, 724 P.2d 403 (1986), *review denied,* 107 Wn.2d 1032 (1987) held a lack of informed consent claim against a health care provider may be within the scope of the CPA, if it relates to the entrepreneurial aspects of the medical practice.[3] Ms. Mattson added an allegation Dr. Isham's decision to perform surgery without first obtaining her informed consent constitutes a deceptive act which tended to and did promote the entrepreneurial aspects of his practice in violation of the CPA, RCW 19.86. Consequently, in addition to

---

[1] The Ishams did not appeal.

[2] Mattson v. Isham, Spokane County cause 85-2-01905-3.

[3] Ms. Mattson is named as sole plaintiff on the amended complaint.

special and general damages, she seeks treble damages and attorney fees under the CPA.

PICA, Dr. Isham's malpractice insurance carrier, is defending the Ishams against Ms. Mattson's claims under a reservation of rights. Following this court's decision in *Stevens v. Hyde Athletic Indus., Inc.*, 54 Wn. App. 366, 370, 773 P.2d 871 (1989), which held a personal injury does not constitute an injury to "business or property" for purposes of the CPA, the Ishams moved for dismissal of the CPA claim. The court denied the motion, finding the *Stevens* requirement that something more than "personal injury" type damages be alleged in a CPA action was met by Ms. Mattson's claim of economic loss due to the increased cost of surgery versus more conservative treatment.

PICA then filed this declaratory judgment action against the Ishams and the Mattsons seeking a judicial determination that any claim for violation of the CPA was outside their coverage or fell within a policy exclusion and thus it had no duty to defend or pay. The PICA policy excluded coverage for "any act committed in violation of any law or ordinance." The court concluded the exclusion was not ambiguous and determined Ms. Mattson's allegation Dr. Isham violated the CPA was an allegation of a violation of "any law or ordinance". Summary judgment was entered for PICA on that basis; the court did not reach PICA's claim attorney fees and punitive damages cannot be recovered under the policy even if the CPA claim is covered.

█ Preliminarily, we note the Mattsons did not assign error and define issues in their opening brief as required by RAP 10.3. However, despite their technical noncompliance with the Rules of Appellate Procedure, the nature of their challenge is clear: they do not think the trial court should have relieved PICA as a matter of law from defending the CPA violation claim or paying any damages if a violation is proved. The record includes the insurance policy upon which the trial court based its decision and PICA has had no difficulty responding to the Mattsons' challenge. We have

elected to decide the case on the merits.[4] *See State v. Clark*, 53 Wn. App. 120, 123, 765 P.2d 916 (1988), *review denied*, 112 Wn.2d 1018 (1989).

■ A summary judgment is appropriate in an action for declaratory judgment only when there are no material issues of fact and the moving party is entitled to judgment as a matter of law. CR 56; *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The Mattsons essentially contend PICA was not entitled to judgment as a matter of law.

The PICA policy insuring Dr. Isham provides "malpractice" coverage. The section titled "INSURING AGREEMENTS" provides:

> Malpractice Liability: To pay on behalf of the Insured all sums which the insured shall become legally obligated to pay *as damages as a result of CLAIMS FIRST MADE . . . because of malpractice* committed by the Insured . . ..

(Italics ours.) The section containing definitions provides:

> Whenever used in this policy or endorsements forming a part thereof:
>> (a) "Bodily Injury" means bodily injury, sickness or disease sustained by any person . . .
>
>> . . . .
>> (d) "Malpractice" means an act, error or omission in professional services rendered or that should have been rendered by the Insured, . . . which causes or results in *bodily injury or mental injury* to any patient . . ..

(Italics ours.) The section regarding defense or settlement of claims provides:

> With respect to the insurance afforded by this policy, the Company shall defend *any claim* or suit against the insured *seeking damages to which this insurance applies* even if any of the allegations of the suit are groundless, false or fraudulent.

(Italics ours.) The section regarding exclusions to malpractice coverage provides the policy does not apply:

> (c) to any act committed in violation of any law or ordinance;

---

[4]We deny the Mattsons' motion for leave to supplement their opening brief, or to consider the inclusion in their reply brief of an assignment of error and specification of issues related to it as substantial compliance with the rule. We also deny PICA's motion to strike that part of the reply brief, but award sanctions.

█ The Mattsons first argue Dr. Isham's failure to obtain Ms. Mattson's informed consent before performing surgery, which subjects him to an allegation of medical malpractice, also subjects him to an allegation he violated the CPA by doing so to increase his profits and volume of patients, citing *Quimby v. Fine, supra.* They reason because the malpractice claim is covered by the PICA policy, the CPA claim is also covered. We disagree. Dr. Isham's policy clearly and unambiguously provides coverage only for damages as a result of malpractice, which by definition are limited to "bodily injury or mental injury". To assert a CPA claim for injury in business or property, Ms. Mattson necessarily removes the claim for those damages from Dr. Isham's malpractice coverage.

█ The Mattsons next argue the provision excluding "any act committed in violation of any law or ordinance" is ambiguous. They suggest possible interpretations are that PICA intended to exclude (1) only acts which violate criminal laws or ordinances creating penalties; or (2) acts which violate civil laws or ordinances creating liability for acts not otherwise considered to be malpractice under state law; or (3) in their reply brief, acts which violate any civil laws or ordinances, including the health care statute, RCW 7.70. The Mattsons assert the court should have construed the claimed ambiguity against the insurer.

Although an ambiguous exclusionary clause must be construed against the insurer, *Rodriguez v. Williams*, 107 Wn.2d 381, 384, 729 P.2d 627 (1986); *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976), we do not find PICA's exclusion ambiguous. The Mattsons' first suggestion that "law or ordinance" should be restricted to the criminal code is not reasonable. Neither term has either a technical or a popular meaning so limiting it. A law is enacted by the state or federal legislature; an ordinance is enacted by a county or municipality. Furthermore, the policy under coverage B explicitly limits an exclusion to a violation of a penal statute or ordinance. That section provides the policy does not apply:

(g) to personal injury arising out of a willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any Insured;

Had it intended a similar limitation under coverage A, the malpractice section, PICA clearly knew how to express it.

The Mattsons' second suggestion that "law or ordinance" does not apply to acts considered malpractice under state law is reasonable. Taken in its entirety PICA's policy covers "damages as a result of . . . malpractice", and then excludes anything else which violates another law or ordinance.

The Mattsons' third suggestion that "law or ordinance" excludes a violation of any law or ordinance, including RCW 7.70, is not reasonable in view of their second and accurate interpretation.

We hold the exclusionary clause interpreted in the context of the entire policy is not fairly susceptible to more than one reasonable interpretation; it means precisely what it says.

■ When the language of a policy limitation is clear, the court will give effect to it unless it is contrary to public policy. *See State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 481, 687 P.2d 1139 (1984). No assertion is made that the limitation is contrary to public policy.

Finally, the Mattsons argue the policy's definitions of "costs" and "damages" do not preclude recovery of attorney fees and treble damages awardable under the CPA. Because we hold a CPA claim is not covered under the policy, we need not address this issue.

Although we declined to dismiss this appeal, sanctions are appropriate for the Mattsons' failure to comply with numerous Rules of Appellate Procedure. Therefore, pursuant to RAP 1.2(b), 10.7 and 18.9(a), we impose on the Mattsons' attorney sanctions for PICA's attorney's fees for extra time spent in preparation of motions addressing the noncompliance. Fees shall be determined by a commissioner in accordance with RAP 18.1(f).

The declaratory judgment is affirmed.

MUNSON, J., concurs.

SWEENEY, J. (concurring in part, dissenting in part) — I concur with the majority that the Podiatry Insurance Company of America (PICA) policy does not afford coverage for violations of the Consumer Protection Act. However, I respectfully dissent from that portion of the decision which imposes sanctions on the Mattsons' attorney for noncompliance with RAP 10.3 which requires separate assignments of error.

The sanctions this court imposes are paid to a party who "has been harmed by the delay or the failure to comply." RAP 18.9(a). While PICA complains about the Mattsons' noncompliance with the appellate rules, it has not demonstrated either prejudice or an inability to adequately identify and address the issues the Mattsons raise in their brief. The appeal followed a summary judgment dismissal in favor of PICA. The issues were clear and well framed in the Mattsons' brief, although not specifically set forth as assignments of error.

The appellate rules are to be liberally interpreted to promote justice. RAP 1.2(a). I would reserve imposition of sanctions for those failures which substantially interfere with the appellate process or significantly hamper an opposing party's ability to adequately address issues raised on appeal.