173 P.3d 941 (2007)
Teresa AMBACH, Appellant,
v.
H. Graeme FRENCH, M.D. and Jane Doe French, individually and the marital community composed thereof; Three Forks Orthopaedics, P.C., a Washington professional corporation, Respondents,
Jonathan P. Keeve, M.D.; Northwest Orthopaedic Specialists, P.S., a Washington professional service corporation, Defendants.
Nos. 24784-8-III, 25007-5-III.
Court of Appeals of Washington, Division 3.
November 27, 2007.
*942 Kristin Margret Houser, James D. Hailey, Attorneys at Law, Seattle, WA, Patrick Kie Fannin, Attorney at Law. Spokane, WA, for Appellant.
Jennifer C. Underwood, Etter, McMahon, Lamberson, Clary, Troppm, Spokane, WA, for Plaintiff.
Stephen Maurice Lamberson, Susan Wilder Troppmann, Etter, McMahon, Lamberson, Clary, Brent Thomas Stanyer, Douglas Eden Phillips DeRuyter & Stanyer, Spokane, WA, Timothy Harold Esser, Libey Ensley Esser & Nelson, Pullman, WA, for Defendants.
Michael Edward Ricketts, Lisa Marie Hammel, David Joseph Corey, Kingman, Peabody, Fitzharris & Ringer P.S., Seattle, WA, for Respondents.
KULIK, J.
¶ 1 Dr. H. Graeme French performed surgery on Teresa Ambach's shoulder. The shoulder became infected and had to be fused. Ms. Ambach and her husband, Michael *943 Ambach, filed a complaint that included claims against Dr. French for professional negligence and against Dr. French and Whitman Hospital for violations of the Consumer Protection Act (CPA), ch. 19.86 RCW.[1] As part of her CPA claim, Ms. Ambach alleged that Dr. French performed medically unnecessary surgeries for financial gain. Dr. French filed a motion for summary judgment, arguing that the personal injury damages requested by Ms. Ambach were not recoverable under the CPA. The trial court agreed, and imposed CR 11 sanctions against Ms. Ambach's attorneys. Ms. Ambach appeals, challenging the court's decision to grant summary judgment and the imposition of sanctions. We conclude that Ms. Ambach made a prima facie case under the CPA. We reverse the summary judgment and the CR 11 sanctions.

FACTS
¶ 2 Ms. Ambach began experiencing neck pain and headaches in 1996. She saw Dr. French in 2001 and had shoulder surgery in 2002. Later, the surgical site became infected, and Ms. Ambach's shoulder had to be fused.
¶ 3 In her complaint, Ms. Ambach alleged that she did not need the shoulder surgery. Her expert, Dr. John MacGillivray, stated that the shoulder surgery "was not medically indicated or justified." Clerk's Papers at 135. Neither Dr. French nor anybody else told her that the surgery was unnecessary. As a result, Ms. Ambach consented, without being fully informed. Ms. Ambach also alleged that Dr. French had a history of making fictitious diagnoses for patients who did not need shoulder surgery.
¶ 4 Ms. Ambach filed her complaint in January 2004. Among other theories, she alleged that Dr. French and the Hospital violated the CPA by performing medically unnecessary shoulder surgeries for financial gain.
¶ 5 Dr. French moved for summary judgment, arguing that Ms. Ambach's request for damages did not satisfy the CPA's requirement of injury to "business or property." The Hospital also sought summary judgment dismissing Ms. Ambach's CPA claims. The court granted the summary judgment motion, concluding that personal injury damages were not recoverable under the CPA. The court denied Ms. Ambach's motion for reconsideration.
¶ 6 Dr. French requested CR 11 sanctions. The court sanctioned Ms. Ambach's attorneys in the amount of $7,194. Ms. Ambach next sought discretionary review, which was denied. The trial court entered final judgments regarding the sanctions. Ms. Ambach appealed.

ANALYSIS
¶ 7 When a party seeks review of an award of CR 11 sanctions, the underlying judgment resulting in the sanctions is also subject to review pursuant to RAP 2.4(b). The sanctions here were awarded in connection with the trial court's order on summary judgment, which we also review. When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. Syrovy v. Alpine Res., Inc., 122 Wash.2d 544, 548 n. 3, 859 P.2d 51 (1993). This court will affirm summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c). All facts and inferences are considered in the light most favorable to the nonmoving party. Taggart v. State, 118 Wash.2d 195, 199, 822 P.2d 243 (1992).
¶ 8 When the facts are undisputed, the question of whether a CPA violation occurred is a question of law, reviewable de novo. Leingang v. Pierce County Med. Bureau, Inc., 131 Wash.2d 133, 150, 930 P.2d 288 (1997). This court reviews an award of sanctions for an abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 338, 858 P.2d 1054 (1993).
*944 ¶ 9 On summary judgment, Dr. French argued that Ms. Ambach could not establish a prima facie case under the CPA. To establish a prima facie CPA claim, a consumer must satisfy five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 780, 719 P.2d 531 (1986). Dr. French challenged Ms. Ambach's ability to prove injury to "business or property."
¶ 10 A plaintiff may bring a claim under the CPA for a medical provider's conduct related to the entrepreneurial aspects of a medical practice. Quimby v. Fine, 45 Wash.App. 175, 180-81, 724 P.2d 403 (1986); see also Short v. Demopolis, 103 Wash.2d 52, 60-61, 691 P.2d 163 (1984). However, a claim against a medical provider cannot be made under the CPA if it relates to the competence of the medical practitioner. Quimby, 45 Wash.App. at 180, 724 P.2d 403. When a patient is injured as a result of a medical provider's negligence, the patient has a remedy under RCW 4.24.290 and RCW 7.70.040 for medical negligence. Ms. Ambach argues that Dr. French performed unnecessary surgeries for financial gain that triggered both a negligence claim and a CPA claim because the jury could decide whether the surgeries were either negligent or for financial gain.
¶ 11 In Quimby, a patient brought claims for negligence and lack of informed consent, and also alleged a violation of the CPA. Quimby, 45 Wash.App. at 179, 181, 724 P.2d 403. The court held that a lack of informed consent claim may come within the scope of the CPA if the claim was based on unfair practices used to advance the entrepreneurial aspects of the defendant's medical practice. Id. at 181, 724 P.2d 403.
¶ 12 In Wright v. Jeckle, 104 Wash.App. 478, 482, 16 P.3d 1268 (2001), the court determined that Dr. Jeckle's sale of diet pills implicated the entrepreneurial aspects of medicine. The court concluded that Mr. Wright's claim against Dr. Jeckle could be prosecuted as a CPA claim because his conduct related to the business of selling diet drugs, not the practice of medicine. Id. at 485, 16 P.3d 1268.
¶ 13 These cases demonstrate that the entrepreneurial aspects of health care can form the foundation of a CPA claim. As in Quimby and Wright, the alleged conduct here fell within the entrepreneurial aspects of Dr. French's practice.
¶ 14 Injury to Trade or Commerce. Under the CPA, a plaintiff may recover injuries to his or her "business or property." RCW 19.86.090. Washington has adopted the rule that personal injuries are not recoverable under the CPA. Fisons, 122 Wash.2d at 318, 858 P.2d 1054; Stevens v. Hyde Athletic Indus., Inc., 54 Wash.App. 366, 370, 773 P.2d 871 (1989).
¶ 15 Under RCW 19.86.920, the legislature expressed its intent that Washington courts should be guided by federal decisions and the orders of the federal trade commission when construing the CPA. As a result, Fisons relies on Stevens which adopted the reasoning of Reiter v. Sonotone Corp., 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). In Reiter, the court explained the difference between the words "business" and "property" in the context of the Clayton Act, 38 Stat. 731, 15 U.S.C. § 15.[2]Id. at 339, 99 S.Ct. 2326. The court explained that because a consumer acquires goods and services, and is not in "business," the consumer is "injured" in his or her "property" when he or she pays artificially-inflated prices. Id. The court concluded that the phrase "business or property" was a limitation on damages that would exclude personal injuries. Id.
¶ 16 On summary judgment, Dr. French asserted that Ms. Ambach could not make a prima facie case under the CPA because she had not suffered "injury" under Stevens. For purposes of the underlying motion, Dr. French conceded that other *945 prongs of the Hangman test were met. We must consider whether the damages alleged by Ms. Ambach constitute injury to "business or property" recoverable under the CPA.
¶ 17 In Keyes v. Bollinger, 31 Wash.App. 286, 640 P.2d 1077 (1982), the court determined that pecuniary losses may be claimed if they are caused by injury such as mental distress, embarrassment, and inconvenience, even if non-pecuniary damages could not be recovered. Discussing the scope of injury to "business or property," the court stated:
But the reasoning of the federal decisions and the language of RCW 19.86.090 persuade us that "mental distress, embarrassment, and convenience" without more, are not compensable under the [CPA]. Should "mental distress, embarrassment, and inconvenience" in fact entail pecuniary loss, we discern no reason under the act to exclude such damages.
Id. at 296, 640 P.2d 1077.
¶ 18 The damages alleged by Ms. Ambach fit into four categories: medical expenses, wage loss, loss of earning capacity, and out-of-pocket expenses. There is clear guidance as to what damages constitute injury under the CPA. Damages for mental pain and suffering are not recoverable under the CPA. White River Estates v. Hiltbruner, 134 Wash.2d 761, 765 n. 1, 953 P.2d 796 (1998). However, allegations of economic loss due to the increased cost of surgery over the cost of more conservative treatment are sufficient to satisfy the damages requirement. Podiatry Ins. Co. v. Isham, 65 Wash.App. 266, 268, 828 P.2d 59 (1992). Hence, Ms. Ambach's CPA action can move forward based on economic loss due to the cost of the surgery and any claim for pecuniary damages. See id. We conclude the trial court erred by granting summary judgment.
¶ 19 CR 11 Sanctions. The decision of a court concluding that an attorney has violated CR 11 is reviewed for an abuse of discretion. Rhinehart v. Seattle Times, Inc., 59 Wash.App. 332, 341, 798 P.2d 1155 (1990). Discretion is abused when a decision is based on untenable grounds or exercised for untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). To impose sanctions, the court must determine that the complaint lacks a legal and a factual basis, and that the attorney who signed the pleading failed to conduct a reasonable and competent inquiry. Bryant v. Joseph Tree, Inc., 119 Wash.2d 210, 220, 829 P.2d 1099 (1992). The reasonableness of the attorney's investigation is examined under an objective standard, applying a standard of "`reasonableness under the circumstances.'" Id. (citing Fed.R.Civ.P. 11 advisory committee note, 97 F.R.D. at 198).
¶ 20 The trial court found that Ms. Ambach's CPA claim had no legal basis and that Ms. Ambach's attorneys' inquiry into the CPA claim was not objectively reasonable. However, as explained above, Ms. Ambach's claim is not without legal bases so the imposition of sanctions was an abuse of discretion. When a court orders sanctions based on an erroneous view of the law, the court abuses its discretion because the order is manifestly unreasonable or is based on untenable grounds. Fisons, 122 Wash.2d at 338-39, 858 P.2d 1054.
¶ 21 Motion to Supplement the Record. Dr. French seeks to supplement the record, pursuant to RAP 9.6(a), with documents from the trial on Ms. Ambach's other claims. Specifically, Dr. French seeks to add to the record: Ms. Ambach's trial brief, the jury instructions and verdict form, and the judgment. We decline to do so. A party may not supplement the record on appeal of a motion for summary judgment with materials not presented to the trial court. RAP 9.12. We consider only the evidence and issues considered by the trial court. Whatcom County v. State, 99 Wash.App. 237, 246 n. 25, 993 P.2d 273 (2000).
¶ 22 We reverse the summary judgment and imposition of sanctions.
WE CONCUR: SCHULTHEIS, A.C.J., and STEPHENS, J.
NOTES
[1] Mr. Ambach's claims were dismissed with prejudice. Whitman County Hospital was voluntarily dismissed from this appeal.
[2] The Clayton Act, 15 U.S.C. § 15(a) reads in part: "[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court."