## NEW YORK LIFE INS. CO. v. CALHOUN.
### No. 11051.

Circuit Court of Appeals, Eighth Circuit.
July 13, 1938.

Vincent L. Boisaubin, of St. Louis, Mo. (James C. Jones and James C. Jones, Jr., both of St. Louis, Mo., Louis H. Cooke, of New York City, and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., on the brief), for appellant.

William R. Gentry, of St. Louis, Mo. (John W. Calhoun, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a suit in equity brought by the New York Life Insurance Company seeking the cancellation and rescission of a life insurance policy issued by the company upon the life of William J. Calhoun, and asking that the defendant, the beneficiary named in the policy, be enjoined from bringing action thereon. The suit was commenced after the death of the insured, but before the expiration of the period of incontestability provided in the policy.

The grounds for the relief demanded are the alleged false and fraudulent answers of the insured to certain questions in the application, which the company relied upon as true when it issued the policy. The district court heard testimony, made findings of fact and conclusions of law, and entered a decree dismissing the petition. From that decree the insurance company appeals.

The application, which by the terms of the policy is a part of the contract, was made by the insured on January 24, and 25, 1934. The petition alleges that this application contained sundry false and untrue statements and representations. Most of such alleged untrue statements now appear to be immaterial under the law of Missouri, because they do not relate to matters which contributed to the death of the insured. Section 5732, R.S.Mo.1929, Mo.St.Ann. § 5732, p. 4373; Kern v. Supreme Council American Legion of Honor, 167 Mo. 471, 67 S.W. 252; Houston v. Metropolitan Life Ins. Co., Mo.App., 97 S.W.2d 856.

The appellant relies in this court upon the alleged falsity of the answers to the following questions contained in the application signed by the insured:

"7E. Have you ever raised or spat blood?

"8. Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of * * * (b) the heart, blood vessels or lungs * *?"

The answer to each question was "No."

The insured died on December 1, 1935, as the direct result of internal hemorrhages occurring on that date and the preceding day. An autopsy performed after death disclosed aneurysmal varices or varicose veins in the lower part of the esophagus. The term aneurism, as applied to a vein or artery, refers to a portion of such vein or artery which has become so dilated or distended that it is liable to rupture and result in hemorrhage. That, it was discovered, is what happened and caused insured's death.

Varicose veins are frequently found in various parts of the body, particularly in the lower parts of the legs; but they rarely occur in the esophagus. The medical witnesses for both parties agreed that a man having varicose veins in the esophagus could not possibly know that they were there. The condition is congenital, and the dilation or distention of the veins to a

898

point where they rupture is usually a long time in developing. One of the medical witnesses testified that in his opinion this process of development had been going on in the veins of insured's esophagus for perhaps ten years before the rupture occurred causing his death.

The determining issue in this case is whether or not the insured's answers to the questions in the application were false. Appellant and appellee differ as to whether an innocent misrepresentation will, under the law of Missouri, avoid the policy. But it is not disputed that the representation upon which a suit for rescission is based must be false in fact. See Kirk v. Metropolitan Life Ins. Co., 336 Mo. 768, 81 S.W.2d 333; Kern v. Supreme Council American Legion of Honor, 167 Mo. 471, 67 S.W. 252; De Valpine v. New York Life Ins. Co., Mo.App., 105 S.W.2d 977; Houston v. Metropolitan Ins. Co., Mo.App., 97 S.W.2d 856.

The burden was upon the company to establish the falsity of the statements in the application by clear and convincing evidence. Metropolitan Life Ins. Co. v. Underwood, 301 Mo. 87, 256 S.W. 232, 236. The presumption is that the finding of the court is correct. Tyronza Special School District v. Speer, 8 Cir., 94 F.2d 825; Fidelity & Casualty Co. v. Phelps, 4 Cir., 64 F.2d 233.

The court found that the insured never at any time prior to the making of the application for the policy vomited blood; and that in the application he made no fraudulent or untrue representations of any matter which in any wise contributed to cause his death.

The appellant insists that the negative answer to the first question, "Have you ever raised or spat blood?" is false, and that the court erred in finding it to be true. The contention is that the evidence shows that insured raised blood on November 2, 1933, prior to the date of the application for the policy. The insured was ill at that time and vomited, but the evidence fails to sustain the burden cast upon appellant to show that the vomitus contained blood. The evidence does support the finding of the district court that the answer was not false.

Appellant also attacks the court's finding that the insured was truthful in answering "No" to the other question: "Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of * * * the heart, blood vessels or lungs?" It is clear that at the time the answer was given the insured had a dilated condition of the blood vessels of the esophagus, and it is equally clear that he had not consulted any physician or practitioner with reference to such condition for the reason that he had no knowledge of its existence. If we assume that the dilated or extended condition of the blood vessels amounted to an ailment, although no rupture had occurred at the time the application for the policy was made, the truth or falsity of the answer depends upon the meaning to be given to the word "suffered" as used in the question. If it is used to apply to an unknown and unrealized condition the answer was untrue. On the other hand, if the word suffered connotes some painful or distressful condition of which the insured must be conscious, the answer was true.

Since this pivotal word is not defined either in the policy or the application it is permissible for the court to take judicial notice of its meaning as given in standard works such as dictionaries. Northwestern Nat. Life Insurance Co. v. Banning, 8 Cir., 63 F.2d 736. Webster's New International Dictionary defines the word suffer as, "1. To have the feeling or sensation that arises from the action of something painful, distressing or the like; to feel or endure pain. 2. To endure or undergo without sinking; to support; to bear up under. 3. To be affected by; to sustain; to experience." The Standard Dictionary: "To feel pain, physical or mental." Plainly the customary use of the word indicates some experience of conscious pain. If the word, as used in the application, may also include the idea of some latent painless defect, such as the life long condition of the esophagus of insured, then the word "suffered" is ambiguous. It is a familiar doctrine that the ambiguities of a question in an application for insurance are to be construed strictly against the insurance company, which framed the question. Wharton v. Ætna Life Ins. Co., 8 Cir., 48 F.2d 37; Ocean Accident & Guaranty Corp. v. Rubin, 9 Cir., 73 F.2d 157, 96 A.L.R. 412; Houston v. Metropolitan Life Ins. Co., Mo.App., 97 S.W.2d 856. The evidence amply sustains the finding of the lower court to the effect that insured answered the question truthfully when the common meaning of the word "suffered" is considered and applied. The

insurance policy, therefore, can not now be cancelled and rescinded because the word may have another and broader meaning.

In this view of the case it is unnecessary to decide the question of whether under the Missouri law an innocent misrepresentation in an application for life insurance is sufficient to avoid the policy. Appellant failed in the trial court to sustain the burden of proving that the representations were false.

The decree is affirmed.