Argued and submitted March 17, affirmed July 26, 1989

ALLSTATE INSURANCE COMPANY,
*Respondent,*

*v.*

SOWERS et al,
*Defendants,*

*and*

ROWLEY,
*Appellant.*

(A8707-04231; CA A49276)

776 P2d 1322

James S. Coon, Portland, argued the cause for appellant. With him on the briefs was Imperati, Barnett, Sherwood & Coon, P.C., Portland.

Kim Jefferies, Portland, argued the cause for respondent. With her on the brief were John C. Mercer, and Wood, Tatum, Mosser, Brooke & Landis, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Rowley, a police officer, had a judgment against Sowers for an injury that he sustained when Sowers had resisted arrest. Allstate Insurance Company (Allstate) defended Sowers in that action under a reservation of rights. It then filed an action for declaratory relief, contesting coverage under Sowers' homeowner's liability policy. The trial court held that Allstate's policy does not cover the injury sustained by Rowley, and Rowley appeals. We affirm.

Rowley attempted to assist two other officers in the arrest of Sowers during an altercation at the Swashbuckler Restaurant. Sowers resisted arrest. While Rowley was holding his left wrist, Sowers broke his right arm free and swung his upper body around, striking Rowley in the face with his closed fist. Sowers was not looking at Rowley when he hit him.

**1.** On June 4, 1985, Sowers was convicted on a charge of unlawfully and intentionally resisting arrest. Later, Rowley obtained the judgment against Sowers in the damage action. In this action, Allstate argues that Rowley's injury falls within an exclusion in Sowers' homeowner's policy. The policy provides basic liability coverage:

"Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy."

It also contains this exclusion:

"We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person."

The trial court held that there was no coverage for Rowley's injury.

We have not previously construed the language on which Allstate relies. According to Rowley, most instances of ordinary negligence involve "intentional * * * acts," so "accidental loss" covers injury resulting from such conduct, if the

injury was unintended.[1] Read as a whole, Rowley points out, the exclusion purports to exclude *any* coverage, even for a loss caused by negligence. To avoid that ambiguity, he argues, the exclusion must be construed to apply only when the insured intended the harm that resulted from his act. Because Sowers did not intend to injure Rowley, he asserts, the policy covered the loss in question.

That argument ignores the relevant language of the provision. By its express terms, the exclusion applies to "any * * * injury * * * which may reasonably be expected to result from the [insured's] *intentional or criminal* acts" or "any bodily * * * injury * * * intended by an insured." Because Rowley's injury was the foreseeable result of Sowers' criminal act of resisting arrest, it fell squarely within the exclusion.[2] It is unnecessary to decide whether the exclusion of injury that may reasonably be expected to flow from intentional acts conflicts with the general coverage for accidental loss.

**2.** Nothing prevents the parties from agreeing to exclude coverage for losses from criminal acts. Given the clarity of the exclusion, only Sowers, not Allstate, is responsible for the financial consequences of his crime.

Affirmed.

---

[1] Rowley cites several cases to support the proposition that coverage for "accidental loss" includes injury from intentional conduct, even if unlawful, so long as the injury itself was unintended. *See Nielsen v. St. Paul Companies,* 283 Or 277, 583 P2d 545 (1978); *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 564 P2d 681 (1977); *State Farm Mutual Auto. Ins. v. Steward,* 86 Or App 183, 738 P2d 996, *rev den* 304 Or 150 (1987). None of those cases involved a policy containing an express exclusion for harm resulting from criminal acts, and they do not resolve the issue here.

[2] Resisting arrest involves "use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person." ORS 162.315. Therefore, Rowley's injury flowed from conduct that may reasonably have been expected to result from Sowers' criminal act.