John LIEBENSTEIN, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Respondent.

No. C2–94–298.

Court of Appeals of Minnesota.

June 7, 1994.

Peter J. Schmitz, Schmitz & Ophaug, Northfield, for appellant.

William M. Hart, Kenneth W. Dodge, Meagher & Geer, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and SCHUMACHER and HOLTAN *, JJ.

## OPINION

PARKER, Judge.

Appellant John Liebenstein, as assignee of the insured party, sued respondent Allstate Insurance Company for injuries incurred during a struggle with policyholder Larry Sunde. The district court granted summary judgment, concluding that the policy barred coverage for injuries resulting from Sunde's criminal act of obstructing legal process. We agree and· affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

## FACTS

In January 1991, Larry Sunde was arrested in Faribault, Minnesota, for driving while under the influence of alcohol. The arresting officer, Al Shuda, handcuffed him and took him to the police station. Officer Shuda testified that Sunde was "a little bit belligerent, which is pretty standard with many intoxicated people."

The jailer, deputy sheriff John Liebenstein, began removing Sunde's handcuffs and placed him against a wall. He ordered Sunde to spread his legs apart and, when he. failed to comply, kicked his legs apart. Sunde turned around quickly, struggling with Liebenstein. Liebenstein and the officer again pushed him against the wall and eventually removed the handcuffs. During this struggle, Liebenstein's thumb was dislocated.

Liebenstein testified that he pushed Sunde against the wall because "one loose handcuff is a dangerous weapon." He testified that, during the struggle, his "thumb became entangled in the handcuffs and the down jacket that Mr. Sunde was wearing, and that entanglement caused my thumb to become dislocated." Both Liebenstein and Officer Shuda testified that the injury was accidental and that Sunde had not intended to hurt the jailer and had not tried to hit him.

In April 1991, Sunde pled guilty to a charge of assault in the fifth degree (intentional infliction of bodily harm). He also pled guilty to a charge of obstructing legal process.

Liebenstein filed suit against Sunde to recover damages for his injured thumb. Lunde tendered his defense to Allstate which denied coverage based on the intentional and criminal acts exclusions of Sunde's homeowner's policy. Judgment was entered against Sunde, and he assigned his rights against Allstate to Liebenstein. The district court granted summary judgment against Liebenstein and in favor of respondent Allstate. Liebenstein appeals.

pointment pursuant to Minn. Const. art. VI, § 10.

## ISSUE

Did the district court err in determining that the criminal act and the intentional act exclusions in Sunde's homeowner's policy bar coverage of the injury resulting from Sunde's acts?

## DISCUSSION

■ On review of a district court's grant of summary judgment, this court determines whether there are any genuine issues of material fact and whether either party is entitled to judgment as a matter of law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

■ The interpretation and construction of an insurance contract is a question of law. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978). Insurance contracts must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary, and popular sense. *Bobich v. Oja*, 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960).

■ The district court's grant of summary judgment against Liebenstein was based on the conclusion that Sunde's homeowner's policy excludes coverage for injuries resulting from intentional acts or from criminal acts. The policy reads, in relevant part, as follows:

1. We do not cover bodily injury or property damage resulting from:

   (a) An act or omission intended or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than intended or expected.

   \*     \*     \*     \*     \*     \*

2. We do not cover bodily injury or property damage resulting from:

   (a) a criminal act or omission.

We first examine whether the district court correctly concluded that the criminal act exclusion prohibits recovery for Liebenstein's injury.

Liebenstein testified that his thumb was dislocated during the struggle with Sunde.

Sunde pled guilty to and was convicted of two criminal counts: fifth-degree assault and obstructing legal process. It is undisputed that Liebenstein's injury resulted from these criminal acts. The plain language of the policy thus excludes coverage for the injury.

Liebenstein argues, however, that a criminal conviction alone cannot trigger this exclusion. Rather, he urges that coverage is excluded only if the insurance company can also show that Sunde intended to injure him.

Liebenstein provides no authority supporting this interpretation. The plain language of the policy and case law from other jurisdictions indicate that his interpretation is incorrect.

■ The criminal act provision contains no language regarding intent. The intentional act exclusion and the criminal act exclusion are in separate numbered paragraphs in the policy, and there is no language linking the two paragraphs. Therefore, the plain language of the policy indicates that coverage is excluded for injuries resulting from a criminal act, regardless of intent.

One court, in construing a criminal act exclusion, has specifically held that the exclusion applies regardless of whether the act is negligent or intentional. *See Allstate Ins. Co. v. Sowers*, 97 Or.App. 658, 776 P.2d 1322, 1323 (1989). Sowers had been convicted on a charge of unlawfully and intentionally resisting arrest. *Id.* During the arrest, Sowers had struck Rowley, a police officer. *Id.* The insurance company argued that coverage for Rowley's injury was excluded by the criminal act provision of Sowers' homeowner's policy. That policy provided in relevant part:

> We do not cover any bodily injury or property damage which may reasonably be expected to result *from the intentional or criminal acts of an insured person* or which are in fact intended by an insured person.

*Id.* The appellate court held that "[b]ecause Rowley's injury was the foreseeable result of Sowers' criminal act of resisting arrest, it fell squarely within the exclusion." *Id.*

In comparison to Sowers' policy, Sunde's policy is less ambiguous because the criminal and intentional act exclusions are in separate

paragraphs. We conclude that, *a fortiori*, Liebenstein's injury falls squarely within the criminal act exclusion in Sunde's policy.

Because we conclude that coverage is excluded by the criminal act provision, there is no need to address the application of the intentional act exclusion.

Liebenstein's judgment against Sunde was based on negligence. The principle of collateral estoppel, raised as a defense against assertion of the intentional act exclusion, does not bar application of the criminal act exclusion for the reasons stated above.

### DECISION

The district court properly granted summary judgment to Allstate, because the plain language of the criminal act exclusion in the policy bars homeowner's liability coverage for Liebenstein's injury, which resulted from Sunde's criminal act of obstructing legal process.

**Affirmed.**