# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2520

_____

| | | |
|---|---|---|
| Progressive Northern Insurance Company, | * * * | |
| Plaintiff - Appellee, | * * | |
| v. | * | |
| Sean David McDonough, | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Defendant - Appellant, | * * | |
| Nicolaus John Morelli; Mathew John Morelli, | * * * | |
| Defendants. | * | |

_____

Submitted: May 11, 2010
Filed:  June 28, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Nicolaus Morelli ("Morelli") injured Appellant Sean David McDonough while driving a car that Appellee Progressive Northern Insurance Company insured. Morelli subsequently pleaded guilty to attempted assault for the incident. Progressive filed this declaratory judgment action seeking a declaration that a criminal-act exclusion

and an intentional-act exclusion precluded coverage. The district court[1] found that the criminal-act exclusion applied and granted summary judgment in Progressive's favor without ruling on the intentional-act exclusion. McDonough appeals the application of the criminal-act exclusion. We affirm.

## I. Background

After a night of drinking in August 2007, Morelli drove off the road and struck McDonough, severely injuring him. Morelli was driving a Dodge Colt insured to his father, Mathew Morelli, by Progressive. During initial interviews with police and Progressive, Morelli stated he was bent down looking for a ringing cell phone on the floorboard when the car ran off the road and injured McDonough. However, in February 2008, Morelli pleaded guilty to attempted assault in the first degree for the incident. In both his Petition to Enter a Plea of Guilty ("Petition") and at his plea hearing, Morelli stated that he intentionally drove off the roadway and into a group of people.

After Morelli entered his guilty plea, McDonough filed a lawsuit against Nicolaus and Mathew Morelli in Minnesota state court for negligence and vicarious liability. Progressive then filed a declaratory judgment action seeking a declaration that the policy issued to Mathew Morelli did not cover any liability Morelli incurred when he injured McDonough. Progressive claimed an intentional-act exclusion and a criminal-act exclusion in the policy barred recovery. The policy states:

> Coverage under this part I, including our duty to defend will not apply
> to any insured person for:

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

8. bodily injury or property damage caused by an intentional act of that insured person, or at the direction of that insured person, even if the actual injury or damage is different than that which was intended or expected.

***

15. bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of that insured person. This exclusion applies regardless of whether that insured person is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

In February 2009, Morelli gave deposition testimony in the declaratory judgment action and stated that he did not intentionally hit McDonough with his car, as he had admitted in his criminal case. Instead, Morelli returned to his initial story and testified that he was looking for a ringing cell phone on the floor of his car when he hit McDonough. Morelli explained this discrepancy by stating that his attorney told him to lie in the Petition and during his plea hearing and state that he hit McDonough intentionally.

Progressive then filed a motion for summary judgment on the declaratory judgment action. The district court granted Progressive's motion, finding Morelli's guilty plea triggered the criminal-act exclusion and rejecting McDonough's claim that Progressive must prove Morelli acted with intent for the criminal-act exclusion to apply. The court did not rule on the application of the intentional-act exclusion. McDonough now appeals.

## II. Discussion

### A. Standard of Review

"We review the district court's grant of summary judgment *de novo*." Fischer v. Andersen Corp., 483 F.3d 553, 556 (8th Cir. 2007). Summary judgment is appropriate when there is no genuine issue of material fact and the record entitles the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). When making this determination, we view the evidence in a light most favorable to the non-moving party. Fischer, 483 F.3d at 556.

"Interpretation of an insurance policy is a matter of state law." Stan Koch & Sons Trucking, Inc. v. Great W. Cas. Co., 517 F.3d 1032, 1039 (8th Cir. 2008). Minnesota law applies, as Minnesota is the forum state and neither party has raised a choice-of-law claim. BBSerCo, Inc. v. Metrix Co., 324 F.3d 955, 960 n.3 (8th Cir. 2003). This court is bound by decisions of the highest state court when interpreting state law. Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006). If the highest state court has not decided an issue we must attempt to predict how the highest court would resolve the issue, with decisions of intermediate state courts being persuasive authority. Id.

Under Minnesota law, "[g]eneral principles of contract interpretation apply to insurance policies." SECURA Supreme Ins. Co. v. M.S.M., 755 N.W.2d 320, 325 (Minn. Ct. App. 2008) (quoting Lobeck v. State Farm Mut. Auto. Ins. Co., 582 N.W.2d 246, 249 (Minn. 1998). If the policy language is clear and unambiguous, the court must give the language its usual and accepted meaning. Id.

B. Morelli's Guilty Plea and Later Contradictory Testimony on Intent

Morelli's later deposition testimony contradicting his guilty plea cannot create a genuine issue of material fact to survive a motion for summary judgment. A party cannot offer testimony that contradicts the party's earlier statements made under oath to create a genuine issue of material fact. See, e.g., Am. Airlines, Inc. v. KLM Royal Dutch Airlines, Inc., 114 F.3d 108, 111 (8th Cir. 1997); see also Banbury v. Omnitrition Int'l, Inc., 533 N.W.2d 876, 881 (Minn. Ct. App. 1995). Contradictory testimony in these instances is typically only allowed when the party was confused and needs to clarify an earlier statement. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir. 1995); see also Banbury, 533 N.W.2d at 881.

For summary judgment purposes, the Minnesota Court of Appeals has held that there is no genuine issue of material fact when party enters a guilty plea admitting an intentional crime and then attempts to contradict his or her own testimony on intent later during a civil suit. State Farm Fire & Cas. Co. v. Kistner, No. A08-2096, 2009 WL 2852618, at *3 (Minn. Ct. App. Sept. 8, 2009) (unpublished). In Kistner, the court found that allowing a party to enter a guilty plea stating he intentionally hurt someone, and then later allowing contradictory testimony "would undermine the core principles of both civil and criminal justice, most notably the valuable procedures of summary judgment and guilty pleas." Id. We find this reasoning sound. Notably, Kistner refused later contradictory testimony on intent to dispute a guilty plea even for purposes of an intentional-act exclusion. Id. at *1.

Morelli's deposition cannot create a genuine issue of material fact for summary judgment purposes, as he does not claim that he pleaded guilty because he was confused, but simply that he lied. Also, Morelli has not attempted to withdraw his contradictory guilty plea. The district court correctly held that Morelli's guilty plea is binding in this case.

C. Criminal-Act Exclusion and Intent

Even if Morelli's contradictory testimony were admissible, Progressive does not need to prove intent for the criminal-act exclusion to apply. The plain language of Progressive's criminal-act exclusion has no intent requirement. Absent such language, Minnesota courts refuse to imply an intent requirement for purposes of the criminal act exclusion. SECURA, 755 N.W.2d at 325. Also, if the policy has separate exclusions for criminal and intentional acts, courts interpret the two as entirely separate, and the intent requirement does not extend to the criminal-act exclusion. See id.; see also Liebenstein v. Allstate Ins. Co., 517 N.W.2d 73, 75-76 (Minn. Ct. App. 1994).

McDonough argues Liebenstein and SECURA are not controlling because these cases involved policy holders claiming they lacked the intent to do harm, and Morelli lacked the intent to complete the act. However, the facts of these cases are not relevant for purposes of this opinion. The holdings in Liebenstein and SECURA turned on contract interpretation, not factual circumstances. See Liebenstein, 517 N.W.2d at 75; see also SECURA, 755 N.W.2d at 325.

Therefore, Morelli's guilty plea conclusively places the liability for the injuries to McDonough under the criminal-act exclusion. Whether or not Morelli intended to complete the act is irrelevant for determining if the exclusion applies.

The judgment of the district court is affirmed.

_____