# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1647

———————————————

LM Insurance Corporation

*Plaintiff - Appellant*

v.

Dubuque Barge and Fleeting Service Company, doing business as Newt Marine Service

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

——————————

Submitted: June 18, 2020
Filed: July 20, 2020

——————————

Before LOKEN and GRASZ, Circuit Judges, and CLARK,[1] District Judge.

——————————

GRASZ, Circuit Judge.

LM Insurance Corporation sued Dubuque Barge and Fleeting Service Company, d/b/a Newt Marine Service ("Newt Marine"), for breach of contract alleging Newt

---

[1]The Honorable Stephen R. Clark, Sr., United States District Judge for the Eastern District of Missouri, sitting by designation.

Marine wrongfully refused to pay premiums owed under three separate workers' compensation insurance policies. Both parties moved for summary judgment. The district court[2] granted Newt Marine's motion and denied LM Insurance's motion, concluding the premiums LM Insurance sought from Newt Marine were not merited by the terms of the polices. LM Insurance appeals the denial of its motion for summary judgment and the grant of summary judgment in Newt Marine's favor. We affirm.

## I. Background

Newt Marine is an Iowa marine construction company that conducts most of its work on a floating dredge barge and plant on the Mississippi River. Through Iowa's assigned risk plan, LM Insurance issued Newt Marine three successive one-year workers' compensation insurance policies starting in May 2013. *See generally* Iowa Code § 515A.15. Each policy included the same premium terms. Newt Marine pays an up-front, estimated premium. Then, following an audit, LM Insurance calculates the final premium. If the final premium exceeds the initial estimated premium, Newt Marine must pay the difference.

Each policy also included the same coverage exclusion. Coverage did not extend to bodily injuries to "a master or member of the crew of any vessel," otherwise known as "seamen" under the Jones Act, 46 U.S.C. § 30104. *Johnson v. Cont'l Grain Co.*, 58 F.3d 1232, 1235 (8th Cir. 1995) ("The terms 'master or member of a crew' are refinements of the term 'seaman' in the Jones Act."). This exclusion exists because "seamen" have a private right of action against their employers for personal injuries. *See* 46 U.S.C. § 30104. And, according to the Iowa Supreme Court, that private right

---

[2]The Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

of action deprives Iowa's workers' compensation commission of subject matter jurisdiction to award benefits to seamen employees. *See Harvey's Casino v. Isenhour*, 724 N.W.2d 705, 709 (Iowa 2006). So to cover bodily injuries to its seamen employees, Newt Marine had to obtain a separate protection and indemnity policy from AIG.

Even though the workers' compensation policies issued by LM Insurance excluded Newt Marine's seamen employees from coverage, LM Insurance charged Newt Marine a premium for their coverage by including all seamen employees in its final premium calculations. To calculate the final premium owed, the policies require multiplying a certain rate by "payroll and all other remuneration paid or payable during the policy period for the services of: 1. all officers and employees engaged in work covered by [the] policy; and 2. all other persons engaged in work that could make [LM Insurance] liable under . . . [the] policy." (hereinafter section C.1. & C.2.). Since they are excluded by the terms of the policy, seamen are not engaged in "work covered by [the] policy." So, to include payroll and other remuneration to seamen in its calculations, LM Insurance relied on section C.2. LM Insurance reasoned that because Newt Marine may alter an employee's work from that of a seaman to that of an employee engaged in work covered by the policy, all seamen employees qualify as "other persons engaged in work that *could* make [LM Insurance] liable under . . . [the] policy." (emphasis added). Newt Marine rejected this rationale and refused LM Insurance's demands for additional premiums calculated on this basis. LM Insurance then sued for breach of contract, seeking over $1 million in premiums.

Both parties moved for summary judgment. The district court granted Newt Marine's motion, concluding section C.2. does not allow LM Insurance to charge a premium for all of Newt Marine's seamen employees. The language of section C.2., the district court stated, plainly applied to independent contractors engaged in work covered by the policy. Section C.2. did not, as LM Insurance claimed, encompass seamen employees who may at some point perform other work covered by the policy.

LM Insurance appealed, arguing its summary judgment motion was erroneously denied and that Newt Marine's summary judgment motion was erroneously granted.

## II. Analysis

We have jurisdiction to review both the grant of summary judgment in Newt Marine's favor as well as the denial of LM Insurance's motion for summary judgment. *See RSA 1 Ltd. P'ship v. Paramount Software Assocs., Inc.*, 793 F.3d 903, 906 (8th Cir. 2015). But because we affirm summary judgment in favor of Newt Marine, our review begins and ends there.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review both the district court's grant of summary judgment and its interpretation of the insurance policy *de novo*." *Mich. Millers Mut. Ins. Co. v. Asoyia, Inc.*, 793 F.3d 872, 880 (8th Cir. 2015) (quoting *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883 (8th Cir. 2014)). The parties raised no issue with the district court's application of Iowa law, so Iowa law governs our interpretation and construction of the policies. *See Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010).

LM Insurance sued Newt Marine claiming it was in breach of contract for refusing to pay premiums allegedly owed under section C.2. of the workers' compensation insurance policies. Whether the district court appropriately granted Newt Marine's motion for summary judgment on this claim depends on whether we agree that the charged premiums were not merited and thus not owed under section C.2. *See Asoyia*, 793 F.3d at 879–80 (quoting *Ill. Nat'l Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 578 N.W.2d 670, 671 (Iowa 1998) ("The construction of an insurance contract and the interpretation of its language are matters of law for the court.")). We agree the charged premiums were not merited.

"Under Iowa law, the intent of the parties, as determined by the language of the policy, controls the court's interpretation of an insurance policy." *Liberty Mut. Ins. Co. v. Pella Corp.*, 650 F.3d 1161, 1169–70 (8th Cir. 2011) (citing *Nationwide Agri-Bus. Ins. Co. v. Goodwin*, 782 N.W.2d 465, 470 (Iowa 2010)). In full, the policies' premium calculation provisions state:

> **C. Remuneration**
> Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:
>
> > 1. all your officers and employees engaged in work covered by this policy; and
> > 2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

The premiums LM Insurance seeks in this lawsuit are based entirely on remuneration paid or payable to Newt Marine's seamen employees during the three consecutive policy terms. However, remuneration for those employees is not encompassed by section C.1. or section C.2. When read together, it is clear that section C.1.'s language encompasses remuneration for *employees* engaged in *covered work* while section C.2. encompasses remuneration for *nonemployees*, like independent contractors, engaged in *covered work*. Remuneration for Newt Marine's seamen employees is not encompassed by section C.1. because Newt Marine's seamen, although employees, do not engage in covered work. And, despite LM Insurance's

arguments to the contrary, it is not encompassed by section C.2. because Newt Marine's employee seamen are, of course, employees. The charged premiums are therefore not merited by the language of the policies.

Like the district court, we reject LM Insurance's argument that remuneration for Newt Marine's seamen employees may be included in the premium calculation under section C.2. because they are "other persons engaged in work that *could* make [LM Insurance] liable under" the policies. (emphasis added). As explained above, they are not "other persons," i.e., persons other than employees like independent contractors. And the possibility that Newt Marine may, during the policy period, reclassify a seaman employee as an employee engaged in covered work does not suddenly implicate section C.2. In that event, the reclassified employee's remuneration would, at least in theory, be encompassed by section C.1., and LM Insurance's audit at the conclusion of each policy period could appropriately account for any such reclassifications. However, the *possibility* of reclassification does not, as LM Insurance contends, allow LM Insurance to include remuneration for *all* of Newt Marine's seamen employees in the final premium calculation under section C.2. regardless of whether reclassification actually occurs.

Because the premiums LM Insurance charged to Newt Marine were not merited, Newt Marine did not breach its obligations under the workers' compensation insurance policies by refusing to pay. Summary judgment was therefore appropriately granted to Newt Marine because LM Insurance's breach claims fail as a matter of law.

### III. Conclusion

We affirm the district court's judgment.

_____