# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1450
_____

Axis Surplus Insurance Company

*Plaintiff - Appellee*

v.

TriStar Companies, LLC

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted: November 14, 2023
Filed: March 4, 2024
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

TriStar Companies, LLC (TriStar), held an insurance policy from AXIS Surplus Insurance Company (AXIS) that provided coverage for bodily injury and property damage liability. In 2021, a warehouse developed by TriStar, but already possessed by Amazon, collapsed during a tornado, causing injuries and deaths. AXIS sought a declaratory judgment that it had neither a duty to defend nor indemnify TriStar for personal injury and wrongful death claims arising from the

collapse. The district court[1] granted AXIS's motion for summary judgment and held there was no coverage under the policy. We affirm.

## I. Background

In 2017, TriStar was hired to manage the development and construction of a warehouse in Edwardsville, Illinois (the Warehouse). Around June 2020, Amazon took possession of the Warehouse. And by November 2020, TriStar received its last payment related to the development of the Warehouse.

On December 10, 2021, a tornado hit the Warehouse, resulting in several deaths and injuries. Following this tragic incident, several wrongful death and personal injury lawsuits commenced against TriStar, claiming TriStar negligently constructed the Warehouse.

TriStar carried a commercial general liability insurance policy (the Policy) with AXIS. The Policy covered bodily injury and property damage liability and stated that AXIS "will have the right and duty to defend the insured against any 'suit' seeking those damages."

When TriStar demanded coverage under the Policy, AXIS denied coverage and filed a complaint, seeking a declaration that it had no duty to defend or indemnify TriStar for the underlying actions. TriStar answered and counterclaimed for declaratory judgment in its favor along with a claim for breach of contract. The parties filed competing motions for summary judgment.

The district court entered judgment in favor of AXIS, finding AXIS did not have a duty to defend or indemnify TriStar because the Warehouse was not covered by the Policy due to certain limitations and exclusions. Specifically, the district

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

court found, inter alia, that the Schedule of Locations excluded coverage because the Warehouse "is neither explicitly nor implicitly contained within the Schedule of Locations." TriStar appeals.

## II. Analysis

We review de novo the district court's grant of summary judgment. *Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Interpretation of an insurance policy is a matter of state law." *McDonough*, 608 F.3d at 390 (quoting *Stan Koch & Sons Trucking, Inc. v. Great W. Cas. Co.*, 517 F.3d 1032, 1039 (8th Cir. 2008)). Here, we apply Missouri substantive law.

We give policy terms "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, 946 F.3d 1008, 1010 (8th Cir. 2020) (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007)). We "evaluate policies as a whole." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. 2009). "If the policy language is clear and unambiguous, it must be construed as written." *Doe Run Res. Corp. v. Am. Guar. & Liab. Ins.*, 531 S.W.3d 508, 511 (Mo. 2017). An ambiguity only exists "if a phrase is 'reasonably open to different constructions.'" *Id.* (quoting *Mendenhall v. Prop. & Cas. Ins. Co. of Hartford*, 375 S.W.3d 90, 92 (Mo. 2012)). If policy language is ambiguous, "[a]ny ambiguity is resolved in favor of the insured." *Owners Ins. Co. v. Craig*, 514 S.W.3d 614, 617 (Mo. 2017). "Under Missouri law, the insured has the burden of proving coverage, and the insurer has the burden of proving that an exclusion applies." *Am. Family Mut. Ins. Co. v. Co Fat Le*, 439 F.3d 436, 439 (8th Cir. 2006).

As the insured, TriStar has the burden of proving coverage. *See id.* Here, the Policy's declarations page states the Policy's essential terms, including language limiting coverage to "all premises you own, rent, or occupy . . . [p]er schedule of locations on file with carrier." The Policy further contains a Limitation of Coverage clause stating the Policy only covers an occurrence that takes place in the "coverage territory" shown in the Schedule of Locations.

The Schedule of Locations lists eighteen locations, which contain mailing addresses, names of entire streets or highways, and even names of entire cities. For example, Location Number 2 (920 S Main Street, Saint Charles, MO 63301) is a mailing address, while Location Number 12 (St Charles MO, Saint Charles, MO 63301) describes an entire city. None of the listed locations contain the Warehouse's mailing address.

Without the Schedule of Locations' limiting language, the Policy would reach an absurd result of covering an entire city. Such a reading is untenable. *See Brazil v. Auto Owners Ins. Co.*, 3 F.4th 1040, 1042 (8th Cir. 2021) (quoting *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 718 (Mo. Ct. App. 1995)) ("A construction which attributes a reasonable meaning to all the provisions of the agreement is preferred to one which leaves some of the provisions without function or sense."). *See also Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008) ("In interpreting an insurance contract, we must endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant.").

Like the district court, we interpret the Schedule of Locations to provide coverage for all premises "owned, rented, or occupied" by TriStar either within or at any of the listed locations in the Schedule of Locations. Here, because there is no dispute that TriStar did not own, rent, or occupy the Warehouse when it collapsed, the underlying actions related to the Warehouse incident are not covered by the Policy.

## III. Conclusion

For the foregoing reasons, we affirm the order of the district court.

_____