# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2905

_____

Nationwide Mutual Insurance Company

*Plaintiff - Appellee*

v.

Kalvin Earl Richardson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 10, 2024
Filed: July 16, 2024

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Kalvin Earl Richardson applied for homeowner insurance from Nationwide Mutual Insurance Company. Nationwide issued the policy, but after a fire damaged the insured house, refused to pay. Nationwide asserted that Richardson had misrepresented in his application that the house was not purchased at a public auction. The district court agreed, granting summary judgment to Nationwide. ***Nationwide Mut. Ins. Co. v. Richardson***, No. 4:22-CV-8955, 2023 WL 4846613, at

*7 (E.D. Mo. July 28, 2023). Richardson appeals. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

In February 2022, Richardson purchased a house in St. Louis County, Missouri, from the Collector of Revenue at a "Post Third Sale Offering." A Post Third Sale Offering occurs if a tax-delinquent property is not sold after three consecutive annual tax-collection auctions. **§ 140.250, RSMo 2016**. In St. Louis County, a Post Third Sale Offering is a public electronic posting on the Collector's website. Bids are submitted to and processed by the Collector, subject to almost no time or bidder limits. *See* **§ 140.250.3** (requiring the collector to offer the lands for sale only once every five years); **§ 140.190.2** (allowing bids by taxpayers delinquent on another property if they acknowledge the delinquency in an affidavit; allowing non-Missourians to bid if they submit to the state's jurisdiction); ***State ex rel. Yoest v. McEvoy***, 529 S.W.3d 383, 386-87 (Mo. App. 2017) (holding that tax sales are open to all members of the public, except for the two categories in § 140.190.2). The Collector deeds the property to the highest bidder who satisfies the property's delinquent taxes. **§ 140.250.4**.

Richardson then applied for homeowner insurance from Nationwide. The application asked, "Was the property purchased at public auction, as a short sale, or while in foreclosure?" Richardson answered, "No." Richardson signed the application, indicating he had read it, all his statements there were true, and he understood that his policy may be null and void if the information there was false and misleading, whether intentional or unintentional. Nationwide issued Richardson a homeowner policy.

Three months later, a fire damaged the house. Richardson submitted a claim. Investigating, Nationwide learned for the first time that he had purchased the house at a Post Third Sale Offering. Believing that it was a "public auction," Nationwide concluded he had made a material misrepresentation on his application. Nationwide sued and won summary judgment. The district court ruled that the house was purchased at a public auction, that Richardson's contrary representation on his

application was a material misrepresentation, and that the insurance policy was therefore void *ab initio*. **Nationwide**, 2023 WL 4846613, at \*7.

"This court reviews de novo a grant of summary judgment." **Torgerson v. City of Rochester**, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). The question is whether the record, viewed most favorably to the non-moving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. **Id**., *citing* **Fed. R. Civ. P. 56(c)(2)**.

Addressing the only issue Richardson appeals, Nationwide argues that it met its burden to show that an ordinary Missourian would understand that a Post Third Sale Offering of a tax-delinquent house is a public auction, and thus that Richardson made a false representation in his application for insurance. *See* **Central Bank of Lake of the Ozarks v. First Marine Ins. Co.**, 975 S.W.2d 222, 225 (Mo. App. 1998) (a material misrepresentation in an application generally voids the policy); **Allen v. Bryers**, 512 S.W.3d 17, 35 (Mo. banc 2016) ("Insurer bears the burden of proving [the insured] made a material misrepresentation in his application for insurance.").

The term "public auction" is not defined in Nationwide's insurance application. Language in an insurance application is interpreted the same way as language in an insurance policy. *See* **Farm Bureau Town & Country Ins. of Mo. v. Hilderbrand**, 926 S.W.2d 944, 947 (Mo. App. 1996). "When interpreting the language of an insurance contract, this Court gives the language its plain meaning." **Shahan v. Shahan**, 988 S.W.2d 529, 535 (Mo. banc 1999), *citing* **Farmland Indus., Inc. v. Republic Ins. Co.**, 941 S.W.2d 505, 508 (Mo. banc 1997). The plain meaning of an undefined term in an insurance policy is the "meaning which would be attached by an ordinary person of average understanding if purchasing insurance." **Axis Surplus Ins. Co. v. TriStar Cos., LLC,** 94 F.4th 767, 769 (8th Cir. 2024), *quoting* **Seeck v. Geico Gen. Ins. Co.,** 212 S.W.3d 129, 132 (Mo. banc 2007).

Nationwide relies mostly on dictionary definitions of "public" and "auction." *See* **Nationwide**, 2023 WL 4846613, at \*4 (emphasizing definitions of "auction" in

the *Merriam-Webster Dictionary* ("a sale of property to the highest bidder"); *Dictionary.com* ("a publicly held sale at which property or goods are sold to the highest bidder"); and *Collins Dictionary* ("a public sale where items are sold to the person who offers the highest price")). Even assuming the Missouri Supreme Court would consider these definitions,[1] they, by the superlative "highest bidder" and "highest price," do not tell the average Missourian that the one-bid, one-price Post Third Sale Offering is a public auction—as demonstrated by the fact that one of the definitions just quoted is followed by an "American English" definition that focuses on a "series of competing bidders." *See Auction*, **Collins Dictionary**, https://collinsdictionary.com/dictionary/english/auction (defining "auction" as a "public sale at which items are sold one by one, each going to the last and highest of a series of competing bidders") (last visited July 8, 2024).

Nationwide discusses several cases defining "auction." *See* **Nationwide**, 2023 WL 4846613, at \*5. The Missouri Supreme Court has recognized a definition of "auction" that concludes: "competition among a number of bidders is a necessary element" of a public auction. **ABC Liquidators, Inc. v. Kansas City**, 322 S.W.2d 876, 882 (Mo. 1959) (addressing the meaning of "public auction" in a city ordinance prohibiting them on Sundays). The court also quoted another definition that concludes: "Competitive bidding, up or down," is "an essential element of an auction sale." **Id.**, *citing* **B. H. Stief Jewelry Co. v. Walker**, 256 S.W.2d 392, 397 (Tenn. Ct. App. 1952). *See also* **Springer v. Kleinsorge**, 83 Mo. 152, 163 (Mo. 1884) (a public auction means that "the highest bidder in a fair and open competition" gets the

---

[1]The parties ignore that the Missouri Supreme Court discourages "dictionary shopping," instead favoring *Webster's Third New International Dictionary* as "the institutional dictionary of choice." *See* **AAA Laundry & Linen Supply Co. v. Dir. Of Revenue**, 425 S.W.3d 126, 132 (Mo. banc 2014). *See generally* **Exotic Motors v. Zurich Am. Ins. Co.**, 597 S.W.3d 767, 772-73 (Mo. App. 2020) (discussing Missouri's decades-old practice, its rationale, and its benefits). *Webster's Third* defines "auction" as "a public sale of property to the highest bidder (as by successive increased bids)." *Webster's Third New Int'l Dictionary* 142 (2002). Like the definitions in text, this definition does not clearly include the Post Third Sale Offering.

property); ***Boatman's Nat'l Bank v. Eidson***, 796 S.W.2d 920, 923 (Mo. App. 1990) ("Competitive bidding refers to the basic concept of an auction, that is, knowledge of the highest bid with an opportunity to bid higher"); ***Boulevard Bank v. Malott***, 397 S.W.3d 458, 464 n.3 (Mo. App. 2013) (An auction occurs when bidders "have 'knowledge of the highest bid with an opportunity to bid higher'"). These cases, emphasizing competition among bidders, undermine Nationwide's position that an ordinary Missourian would understand that the Post Third Sale Offering, with no competition among bidders, is a public auction. *Cf.* ***Bruner v. Stevenson,*** 73 S.W.2d 413, 414 (Mo. App. 1934) (an auction can be "public" even if there is only one bidder).

The Missouri statutes on tax-collection sales—most of which were not even cited to the district court—do not clearly classify the Post Third Sale Offering. True, section 140.984.5 includes the Post Third Sale Offering as an "auction." *See* **§ 140.984.5, RSMo Supp. 2019** (including a Post Third Sale Offering (which is under § 140.250.4) as a "delinquent land tax auction" in the Land Bank Act (City of St. Joseph)). *See generally* ***Bratcher v. Farmers Ins. Co., Inc.***, 94 F.4th 734, 738 (8th Cir. 2024) (holding that a statute can be one that an ordinary Missourian of average understanding should know). The other tax-collection statutes, however, distinguish the Post Third Sale Offering from the three earlier public auctions. *Compare* **§ 140.250.4** (defining the Post Third Sale Offering as a "sale" four times), *with* **§§ 140.170.3** (identifying the first three annual sales as a "public auction"); **§ 140.230.2** (referring to the first three annual sales as a "delinquent land tax auction"); **§ 140.405.1** (distinguishing the Post Third Sale Offering from a "delinquent land tax auction").

Nationwide emphasizes that the "Post Third Sale Bid Form" Richardson used is labeled as a "Bid Form" and makes multiple references to "bid," "bidder," and even "highest bidder." However, the Form does not say "public auction" or "auction." *See* **St. Louis County Dept. of Revenue Website**, https://stlouiscountymo.gov/st-louis-county-departments/revenue/collector-of-revenue/post-third-sale-offerings/post-3rd-sale-bid-form/ (last visited July 8, 2024).

-5-

Most relevant here, another document on the website, "Post Third Sale Properties Instructions," states: "The bidding process for Post Third Sale Properties *does not involve a public auction* but utilizes random bids exclusively." ***Id.***, https://stlouiscountymo.gov/st-louis-county-departments/revenue/collector-of-revenue/post-third-sale-offerings/post-third-sale-instructions/ (last visited July 8, 2024) (emphasis added).[2]

Nationwide focuses on an affidavit by the Collector's manager of Post Third Sale Offerings. *See **Nationwide***, 2023 WL 4846613, at \*4. The manager swears, "The sale of Post Third Sale Offerings represents an ongoing public auction wherein bids are continuously solicited and processed." However, less than one month after making that affidavit, the manager made a second affidavit averring, "The sale of Post Third Sale Offerings represents an ongoing public bidding process wherein bids are continuously solicited and processed, *not a one-day public auction* like those conducted for the first through third sales." (Emphasis added).

Under Missouri law, the representation in an insurance application must be "false in fact" in order to be a misrepresentation. ***New York Life Ins. Co. v. Calhoun***, 97 F.2d 896, 898 (8th Cir. 1938), *citing, e.g.*, ***Kirk v. Metropolitan Life Ins. Co.***, 81 S.W.2d 333, 342 (Mo. 1935). *See also **Allen***, 512 S.W. 3d at 35 (listing requisites for a material misrepresentation claim, beginning "that a representation is … false"). None of Nationwide's authorities—the dictionary definitions, the case and statutory law, or the guidance from the Collector's website and manager—meet its burden to show that Richardson's representation was false in fact. Nationwide was not entitled to summary judgment.

\* \* \* \* \* \* \*

---

[2]These instructions were, again, not cited to the district court. The parties acknowledged at oral argument on appeal that this court could take judicial notice of them. *See **Stutzka v. McCarville***, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that this court may take judicial notice of public records).

The judgment of the district court is reversed, and the case remanded for proceedings consistent with this opinion.

_____